## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DOUGLAS ROESER ) | |
| 5330 B Street, S.E. #4 ) | |
| Washington, DC 20019 ) | |
| ) | |
| and ) | |
| ) | |
| DOUGLAS ROESER AS NEXT BEST ) | |
| FRIEND OF S.R., A MINOR ) | |
| 5330 B Street, S.E. #4 ) | |
| Washington, DC 20019 ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil No:_____ |
| ) | |
| ENTERPRISE LEASING COMPANY ) | |
| 4750 Branch Avenue ) | |
| Temple Hills, MD 20748 ) | |
| ) | |
| SERVE ON: ) | |
|     CT Corporation System ) | |
|     1015 15th Street, N.W. Ste. 1000 ) | |
|     Washington, DC 20005 ) | |
| ) | |
| and ) | |
| ) | |
| DISTRICT OF COLUMBIA ) | |
| A Municipal Corporation ) | |
| SERVE ON: ) | |
|     Anthony Williams ) | |
|     Corporation Counsel ) | |
|     John A. Wilson Building ) | |
|     1350 Pennsylvania Avenue, NW ) | |
|     Washington, DC 20004 ) | |
| ) | |
|     Office of the Attorney General ) | |
|     441 4th Street, N.W. ) | |
|     Washington, DC 20001 ) | |
|         and ) | |

|                                                                                                                                                                                                 |   |
|---|---|
| **D.C. OFFICER DALE N. VERNICK,** <br> **Metropolitan Police Department** <br> **Individually and in his official capacity** <br> **Sixth District** <br> **100 42nd Street, NE** <br> **Washington, DC 20019** | ) ) ) ) ) ) ) ) |
| and | ) ) |
| **D.C. OFFICER JOHN DOE,** <br> **Metropolitan Police Department** <br> **Individually and in his official capacity** <br> **Sixth District** <br> **100 42nd Street, NE** <br> **Washington, DC 20019** | ) ) ) ) ) ) ) |
| **SERVE ON:** <br> **Metropolitan Police Department** <br> **Sixth District** <br> **100 42nd Street, NE** <br> **Washington, DC 20019** | ) ) ) ) ) ) |
| **Defendants.** | ) ) |

# COMPLAINT

COME NOW Plaintiffs Douglas Roeser individually and as next best friend of S.R., a minor, by and through undersigned counsel, and for their Complaint, state as follows:

## JURISDICTION AND VENUE

1.  This Court has subject matter jurisdiction of this action pursuant to 42 U.S.C.§1983 et. seq.

2.  This Court has personal jurisdiction over the Defendants because all Defendants conduct business in the District of Columbia and Plaintiffs also reside in the District of Columbia. Venue is therefore proper within the jurisdiction of the District of Columbia.

**PARTIES**

3. Plaintiff, **Douglas Roeser ("Roeser")**, is a Caucasian male and resides in Washington, D.C.

4. Plaintiff, **S.R. ("S.R.")**, is the son of Plaintiff Mr. Roeser and his wife Mecca Roeser and resides in the District of Columbia.

5. Defendant, **Enterprise Leasing Company d/b/a Enterprise ("Enterprise")**, a Maryland for-profit corporation, resides and conducts business in the District of Columbia as a Foreign Business Corporation.

6. Defendant, **District of Columbia ("District")**, is a municipality that controls and operates the District of Columbia and the Metropolitan Police Department **("MPD")**.

7. Defendant, **Dale N. Vernick ("Vernick")**, at all times referenced herein was an MPD Officer and employee of Defendant District and is being sued in his official and individual capacities.

8. Defendant, **Officer John Doe ("Officer Doe")**, at all times referenced herein was MPD Officer and employee of Defendant District and is being sued in his official and individual capacities.

**FACTUAL BACKGROUND**

9. On September 6, 2005, at approximately 9:40 am, Mr. Roeser rented a vehicle (the "Rental Car") from Defendant Enterprise for his family's personal use.

10. Unbeknownst to Mr. Roeser, Defendant Enterprise and/or its agents or customers had previously reported to MPD that the Rental Car had been stolen.

11. Upon information and belief, Defendant Enterprise knew or should have known that the Rental Car had been previously reported as stolen when it was rented to Mr. Roeser.

12. Defendant Enterprise rented the car to Mr. Roeser without advising him that the Rental Car had been previously reported stolen. Likewise, Enterprise failed to notify the District that the car was not stolen.

13. Later, on September 11, 2005, at approximately 10:45 pm, Mr. Roeser and S.R. (the "Roesers") were traveling home in the Rental Car on or about Alabama Avenue S.E.

14. As they were traveling, Mr. Roeser and S.R. both noticed that a MPD officer was following their car without initiating his emergency lights and without signaling the Roesers to pull to the side of the road.

15. Defendant John Doe continued to follow the Roesers for nearly one (1) mile until they arrived in front of their home.

16. After Mr. Roeser parked the Rental Car, Defendant MPD engaged its emergency lights. By that time, Defendants MPD and John Doe had called two other MPD units to the scene, which arrived and surrounded the Roesers.

17. Upon information and belief, the conduct of Officers Vernick and Doe breached MPD policy and procedure throughout this incident.

18. With his gun drawn, Defendant Vernick approached Mr. Roeser and began cursing and shouting demands to Mr. Roeser, holding him at gunpoint and putting him in apprehension of imminent physical harm. Defendant Vernick ordered Mr. Roeser out of the Rental Car.

19. Defendant Vernick did not inform Mr. Roeser of any reason why he was ordered out of the car and held at gun point, nor did Vernick ask Mr. Roeser for his driver's license or registration.

20.  Defendant Vernick refused to explain his conduct, even when asked for an explanation by Mr. Roeser.

21.  Defendant Vernick continued to curse and yell at Mr. Roeser and to hold him at gunpoint in the presence of his minor child, S.R.  During this incident, Mr. Roeser called out to his wife in fear.

22.  When Mrs. Roeser heard her husband's call of despair and observed the incident, she ran out of their home and tried to determine what was happening.  Defendant Vernick ordered her to stay in the yard.

23.  Simultaneously, Defendant Officer Doe ordered S.R., a minor, out of the Rental Car, searched him and pushed him to the ground while ordering him to sit on the curb with his hands behind his back.

24.  Defendant Vernick pushed Mr. Roeser to the ground and made him lie in the street face down, with his hands behind his back while Vernick continued holding his gun close to Mr. Roeser's head.

25.  MPD then handcuffed both Mr. Roeser and S.R.

26.  Defendant Vernick continued to curse at Mr. Roeser as he lay face down in the street and in the presence of his son, wife and neighbors.

27.  Mrs. Roeser was forced to watch her son and husband get searched, arrested and humiliated in the presence of their family, neighbors and friends.

28.  At all times, Mr. Roeser tried to request an explanation as to why MPD had stopped, searched and arrested him, to no avail.  Additionally, Mr. Roeser made several failed attempts to explain that the car was a rental car.

29. Mr. Roeser later learned that the Officers' conduct arose from information they received, specifically, that the Rental Car had been reported stolen by Enterprise.

30. Plaintiffs asserts the doctrine of respondeat superior in regard to Defendant District's liability for Defendant Vernick and Officer Doe's conduct.

## COUNT I
## DEPRIVATION OF CIVIL RIGHTS, EXCESSIVE FORCE
### (District, Officers Vernick and John Doe)

31. Plaintiffs incorporate by reference all the allegations in paragraphs, 1 through 30 as if stated herein.

32. Defendants Vernick and Doe, with deliberate indifference to and reckless disregard for the safety and well-being of the Plaintiffs Douglas Roeser and S.R. and in violation of 42 U.S.C. §1983, did on September 11, 2005 use excessive force which deprived Plaintiffs of their constitutional rights without affording them due process of law in violation of the Fourth, Fifth, and Fourteenth Amendments of the U.S. Constitution.

33. As a direct and proximate result of Defendant's excessive force, Plaintiffs suffered physical injury, emotional distress, humiliation, fear and loss of self esteem.

**WHEREFORE,** Plaintiffs respectfully pray for judgment against Defendants, jointly and severally, as follows:

    a.    Compensatory damages in an amount in excess of One Million Dollars ($1,000,000.00);

    b.    Punitive damages in excess of One Million Dollars ($1,000,000.00);

    c.    Statutory attorney's fees and costs; and

    d.    Such other relief as the Court deems appropriate.

## COUNT II
## NEGLIGENCE
### (Enterprise, Officers Vernick and Doe)

34. Plaintiffs incorporate by reference the allegations of paragraphs 1-33 of the Complaint as if fully stated herein.

35. Defendant Enterprise had a duty to rent Plaintiffs a vehicle free of legal encumbrances that would place Plaintiff's under scrutiny by local law enforcement.

36. Defendant Enterprise breached that duty when it rented a car to Plaintiffs that Enterprise knew or should have known was previously reported stolen to the MPD as stolen and by failing to correct the "stolen" status of the vehicle with MPD before renting it to Plaintiff.

37. Defendants District, Vernick, and Doe had duty to follow proper MPD policy and procedure in stopping the Roeser's to ascertain whether the had stolen the Rental Car.

38. In failing to do so, Defendants District, Vernick, and Doe failed to act as reasonable law enforcement Officers would under the circumstances.

39. As a direct and proximate cause of all Defendant Enterprise's negligence, Plaintiffs were falsely arrested, assaulted, and battered and suffered embarrassment, physical pain humiliation and emotional distress.

**WHEREFORE,** Plaintiffs respectfully pray for judgment against Defendants, jointly and severally, as follows:

  a. Compensatory damages in an amount in excess of Two Hundred Fifty Thousand Dollars ($250,000.00);

  b. Punitive damages in an amount in excess of One Million Dollars ($1,000,000.00); and

c.      Such other relief as the Court deems appropriate.

## COUNT III
## ASSAULT
### (District, Officers Vernick and John Doe)

40.     Plaintiffs incorporate by reference the allegations of paragraphs 1- 39 of the Complaint as if fully stated herein.

41.     Defendant Vernick threatened and created in Mr. Roeser apprehension of harmful and offensive contact and apprehension of physical harm when Defendant Vernick approached Mr. Roeser, held him at gunpoint, while cursing and shouting demands, ordering him out of the car and forcing him to the ground at gunpoint. S.R. was also placed in fear of harmful contact by Defendant Vernick's behavior.

42.     Defendant John Doe threatened and created in S.R. apprehension of harmful and offensive contact when he ordered S.R. out of the car and forced him to the ground.

43.     As a direct and proximate result of Defendants' actions, Plaintiffs suffered physical pain, emotional distress, mental anguish, fear, and loss of self esteem.

**WHEREFORE,** Plaintiffs respectfully pray for judgment against Defendants, jointly and severally, as follows:

a.      Compensatory damages in an amount in excess of Two Hundred Fifty Thousand Dollars ($250,000.00);

b.      Punitive damages in an amount in excess of One Million Dollars ($1,000,000.00); and

c.      Such other relief as the Court deems appropriate.

## COUNT IV
## BATTERY
### (District, Officers Vernick and John Doe)

44. Plaintiffs incorporate by reference the allegations of paragraphs 1- 43 of the Complaint as if fully stated herein.

45. Defendant Vernick unlawfully battered Mr. Roeser when he forced Mr. Roeser to the ground and made him lie in the street face down, with his hands behind his back while holding his gun to Mr. Roeser's head. At no time referenced herein did Mr. Roeser consent to Defendant Vernick's battery.

46. Defendant Doe unlawfully touched S.R. when he ordered S.R. out of the Rental Car, searched him, forced him to the ground with his hands behind his back. At no time during the incident referenced herein did S.R. consent to the offensive and unlawful touching.

47. As a direct and proximate result of Defendants' offensive touching, Plaintiffs suffered damages including, physical pain, emotional distress, pain and suffering, humiliation, and loss of self esteem.

**WHEREFORE,** Plaintiffs respectfully pray for judgment against Defendants, jointly and severally, as follows:

a. Compensatory damages in an amount in excess of One Million Dollars ($1,000,000.00);

b. Punitive damages in an amount in excess of One Million Dollars (1,000,000); and

c. Such other relief as the Court deems appropriate.

## COUNT V
## FALSE ARREST
**(District, Dale Vernick and Officer John Doe)**

48. Plaintiffs incorporate by reference the allegations of paragraphs 1- 47 of the Complaint as if fully stated herein.

49. Defendants Vernick and Doe falsely and unjustifiably arrested Plaintiffs when they unreasonably ordered them out of the Rental Car onto the ground and handcuffed them for a crime they did not commit, without attempting to ascertain if they had stolen the car. Plaintiffs reasonably believed that at no point during the detention that they were free to leave the scene of the incident due to the threat of harm imposed by Defendants Vernick and Doe.

50. As a direct and proximate result of Defendants' false arrest, Plaintiffs suffered damages, including physical pain, emotional distress, pain and suffering, embarrassment, emotional distress, humiliation, and loss of self esteem.

**WHEREFORE,** Plaintiffs respectfully pray for judgment against Defendants, jointly and severally, as follows:

a. Compensatory damages in an amount in excess of Two Hundred Fifty Thousand ($250,000.00); and

b. Such other relief as the Court deems appropriate.

## COUNT VI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
**(District, Officers Vernick and John Doe)**

51. Plaintiffs incorporate by reference the allegations of paragraphs 1- 50 of the Complaint as if fully stated herein.

52. Defendants Vernick and Doe's actions of falsely arresting them without ascertaining

their identification and vehicle registration, cursing at them loudly, holding them at gunpoint and handcuffing them in the presence of their neighbors and family was reckless, extreme and outrageous.

53. As a direct and proximate result of Defendants' actions, Plaintiffs suffered damages, including, physical pain and suffering, serious emotional distress, humiliation, embarrassment, and loss of self esteem due to being forced to lie in the street after being ordered out of the car, at gun point with no explanation.

**WHEREFORE,** Plaintiffs respectfully pray for judgment against Defendants, jointly and severally, as follows:

   a. Compensatory damages in an amount in excess of Two Hundred Fifty Thousand ($250,000.00);

   b. Such other relief as the Court deems appropriate.

### COUNT VII
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
(Enterprise, District, Officers Vernick and John Doe)

54. Plaintiff incorporates by reference the allegations of paragraphs 1- 53 of the Complaint as if fully stated herein.

55. Defendant Enterprise breached its duty of care to Plaintiffs by renting to them a vehicle that had been reported stolen.

56. Defendants District, Officers Vernick and John Doe breached MPD policy and procedure in falsely arresting Plaintiffs. Defendants Vernick and Doe's actions of falsely arresting them for a crime they id not commit without ascertaining their identification and vehicle registration, cursing at them loudly, holding them at gunpoint and handcuffing them in the presence of their neighbors and family rose to the level of negligence.

57. As a direct and proximate result of all Defendants actions, Plaintiffs have suffered emotional distress, physical pain and suffering due to the physical impact they sustained from Defendant Officers forcefully pushing Plaintiffs to the ground. Defendants conduct referenced herein was negligent.

**WHEREFORE,** Plaintiffs respectfully pray for judgment against Defendants, jointly and severally, as follows:

a. Compensatory damages in an amount in excess of Two Hundred Fifty Thousand ($250,000.00); and

b. Such other relief as the Court deems appropriate.

## JURY DEMAND

Plaintiffs demand a jury trial of all issues so triable.

Respectfully submitted,

DONALD M. TEMPLE, PC

By: _____/s/_____
Johnnie D. Bond, Jr. #485488
Donald M. Temple #408749
1229 15th Street, NW
Washington, D.C. 20005
(202) 628-1101 Phone
(202) 628-1149 Fax

**Attorneys for Plaintiffs**

**Douglas Roeser Complaint**