IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOUGLAS ROESER, | : |
| and | : |
| DOUGLAS ROESER, AS NEXT BEST FRIEND OF S.R., A MINOR, | : |
| Plaintiffs, | : |
| v. | :   Case No.: 1:06-cv-01579-PLF |
| ENTERPRISE LEASING COMPANY, | : |
| THE DISTRICT OF COLUMBIA, | : |
| D.C. OFFICER DALE N. VERNICK, | : |
| and | : |
| D.C. OFFICER JOHN DOE, | : |
| Defendants. | : |

**DEFENDANT, ENTERPRISE LEASING COMPANY'S ANSWER AND CROSS-CLAIM**

Defendant, Enterprise Leasing Company, by and through its counsel, Robert G. McGinley and The Law Offices of Robert G. McGinley, for its Answer to Plaintiffs' Complaint, states:

**First Defense**

Plaintiffs' Complaint fails to state a claim for which relief can be granted.

**Second Defense**

For its responses to the specifically-numbered allegations contained in Plaintiffs' Complaint, Defendant states:

1. Defendant reserves on the issue of subject matter jurisdiction pending the development of relevant facts through discovery, investigation or at trial.

2. Defendant reserves on the issue of personal jurisdiction over the Defendants, pending the development of relevant facts through discovery, investigation or at trial.

3. Defendant is without sufficient information upon which to form a belief as to the truth of the allegations set forth in Paragraph 3 and therefore, neither admits nor denies the same, but demands strict proof thereof.

4. Defendant is without sufficient information upon which to form a belief as to the truth of the allegations set forth in Paragraph 4 and therefore, neither admits nor denies the same, but demands strict proof thereof.

5. Defendant admits the allegations set forth in Paragraph 5.

6. The allegations set forth in Paragraph 6 do not refer or relate to this Defendant.

7. The allegations set forth in Paragraph 7 do not refer or relate to this Defendant.

8. The allegations set forth in Paragraph 8 do not refer or relate to this Defendant.

9. Defendant denies the allegations, as phrased, set forth in Paragraph 9.

10. Defendant denies the allegations set forth in Paragraph 10.

11. Defendant denies the allegations set forth in Paragraph 11.

12. Defendant denies the allegations, as phrased, in Paragraph 12.

13. The allegations set forth in Paragraph 13 do not refer or relate to this Defendant. To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

14. The allegations set forth in Paragraph 14 do not refer or relate to this Defendant. To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

15. The allegations set forth in Paragraph 15 do not refer or relate to this Defendant. To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

16. The allegations set forth in Paragraph 16 do not refer or relate to this Defendant. To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

17. The allegations set forth in Paragraph 17 do not refer or relate to this Defendant. To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

18. The allegations set forth in Paragraph 18 do not refer or relate to this Defendant. To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

19. The allegations set forth in Paragraph 19 do not refer or relate to this Defendant. To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

20. The allegations set forth in Paragraph 20 do not refer or relate to this Defendant. To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

21. The allegations set forth in Paragraph 21 do not refer or relate to this Defendant. To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

22. The allegations set forth in Paragraph 22 do not refer or relate to this Defendant. To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

23. The allegations set forth in Paragraph 23 do not refer or relate to this Defendant. To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

24. The allegations set forth in Paragraph 24 do not refer or relate to this Defendant. To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

25. The allegations set forth in Paragraph 25 do not refer or relate to this Defendant. To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

26. The allegations set forth in Paragraph 26 do not refer or relate to this Defendant. To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

27. The allegations set forth in Paragraph 27do not refer or relate to this Defendant. To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

28. The allegations set forth in Paragraph 28 do not refer or relate to this Defendant. To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

29. Defendant denies the allegations set forth in Paragraph 29.

30. The allegations set forth in Paragraph 30 do not refer or relate to this Defendant. To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

### COUNT I DEPRIVATION OF CIVIL RIGHTS, EXCESSIVE FORCE
### (District, Officers Vernick and John Doe)

31. Defendant incorporates by reference all defenses and allegations previously stated.

32. The allegations set forth in Paragraph 32 do not refer or relate to this Defendant. To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

33. The allegations set forth in Paragraph 33 do not refer or relate to this Defendant. To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

### COUNT II  NEGLIGENCE
### (Enterprise, Officers Vernick and Doe)

34. Defendant incorporates by reference all defenses and allegations previously stated.

35. The allegations set forth in Paragraph 35 contain a recitation of law to which no response is required. To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

36. The allegations set forth in Paragraph 36 contain a recitation of law to which no response is required. To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

37. The allegations set forth in Paragraph 37 contain a recitation of law to which no response is required. To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

38. The allegations set forth in Paragraph 38 contain a recitation of law to which no response is required. To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

39. Defendant denies the allegations set forth in Paragraph 39.

### COUNT III ASSAULT
**(District, Officers Vernick and Doe)**

40. Defendant incorporates by reference all defenses and allegations previously stated.

41. The allegations set forth in Paragraph 41 do not refer or relate to this Defendant. To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

42. The allegations set forth in Paragraph 42 do not refer or relate to this Defendant. To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

43.     The allegations set forth in Paragraph 43 do not refer or relate to this Defendant. To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

## COUNT IV BATTERY
### (District, Officers Vernick and Doe)

44.     Defendant incorporates by reference all defenses and allegations previously stated.

45.     The allegations set forth in Paragraph 45 do not refer or relate to this Defendant. To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

46.     The allegations set forth in Paragraph 46 do not refer or relate to this Defendant. To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

47.     The allegations set forth in Paragraph 47 do not refer or relate to this Defendant. To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

## COUNT V FALSE ARREST
### (District, Officers Vernick and Doe)

48.     Defendant incorporates by reference all defenses and allegations previously stated.

49.     The allegations set forth in Paragraph 49 do not refer or relate to this Defendant. To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

50. The allegations set forth in Paragraph 50 do not refer or relate to this Defendant. To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

### **COUNT VI INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(District, Officers Vernick and Doe)**

51. Defendant incorporates by reference all defenses and allegations previously stated.

52. The allegations set forth in Paragraph 52 do not refer or relate to this Defendant. To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

53. The allegations set forth in Paragraph 53 do not refer or relate to this Defendant. To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

### **COUNT VII NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**(Enterprise, District Officers Vernick and John Doe)**

54. Defendant incorporates by reference all defenses and allegations previously stated.

55. The allegations set forth in Paragraph 55 contain a recitation of law to which no response is required. To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

56. The allegations set forth in Paragraph 56 do not refer or relate to this Defendant. To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

57. Defendant denies the allegations set forth in Paragraph 57.

### Third Defense

Plaintiffs' damages, were caused as a result of their contributory negligence and/or assumption of the risk.

### Fourth Defense

Plaintiffs' damages were caused by an individual(s) over whom this Defendant had no control or right of control.

### Fifth Defense

Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

WHEREFORE, Defendant prays Plaintiffs' Complaint shall be dismissed.

### CROSS-CLAIM AGAINST CO-DEFENDANTS, THE DISTRICT OF COLUMBIA, METROPOLITAN POLICE DEPARTMENT OFFICER DALE N. VERNICK AND METROPOLITAN POLICE DEPARTMENT OFFICER JOHN DOE

Defendant, Enterprise Leasing Company, by and through their counsel and against Co-Defendants, The District of Columbia, MPD Officer Dale N. Vernick and MPD Officer John Doe, alleges as follows:

1. Plaintiffs herein have brought and are maintaining an action for personal injuries allegedly arising out of an incident that occurred on or about September 11, 2005 in Washington, D.C.

2. Plaintiffs have alleged that their personal injuries were caused by the negligence of the Defendants, as is more fully expressed in Plaintiffs' Complaint filed herein.

3. Defendant, Enterprise Leasing Company, expressly denies any act, omission, or negligence on its part which may have caused or contributed to the Plaintiffs' alleged injuries.

4. If Plaintiffs sustained the injuries as alleged, and if such are proven, then Plaintiffs' injuries are the result of the sole act, omission, or negligence of Co-Defendants, The District of Columbia, MPD Officer Dale N. Vernick and MPD Officer John Doe.

5. Pleading hypothetically, if Plaintiffs sustained the injuries as alleged, and if such can be proven, then the acts and omissions of Co-Defendants, The District of Columbia, MPD Officer Dale N. Vernick and MPD Officer John Doe, concurred to cause the alleged injuries, entitling Defendant, Enterprise Leasing Company, to contribution from Co-Defendants, The District of Columbia, MPD Officer Dale N. Vernick and MPD Officer John Doe.

WHEREFORE, Cross-Claimants, Enterprise Leasing Company, demands judgment by way of indemnification or contribution against Co-Defendants, The District of Columbia, MPD Officer Dale N. Vernick and MPD Officer John Doe, in the amount of any judgment that might be entered against it in favor of the Plaintiffs, plus costs, interest, and attorney's fees.

Respectfully submitted,
LAW OFFICES OF ROBERT G. MCGINLEY, P.C.

/S/
Robert G. McGinley
4601 Forbes Boulevard
Suite 200
Lanham, Maryland 20706
301/731-4601
Counsel for Defendant
Enterprise Leasing Company

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing was sent via first class mail, postage prepaid this 29th day of September, 2006, to:

Johnnie D. Bond, Jr., Esq.
Donald M. Temple, Esq.
1229 15th Street, N.W.
Washington, D.C.  20005
Counsel for Plaintiffs

The District of Columbia
Office of the Attorney General
441 4th Street, N.W.
Washington, D.C.  20001

D.C. Police Officer Dale N. Vernick
Sixth District
100 42nd Street, N.E.
Washington, D.C.  20019

D.C. Police Officer "John Doe"
Sixth District
100 42nd Street, N.E.
Washington, D.C.  20019

                          /S/
                          Robert G. McGinley