IN THE UNITED STATES DISTRICT COURT
FOR THE IDSTRICT OF COLUMBIA

DOUGLAS ROESER,                          )
                                         )
and                                      )
                                         )
DOUGLAS ROESER                           )
As Next Friend of S.R. a minor           )
                                         )
          Plaintiff,                     )
                                         )      Civil Action No. 06CA1579 (PLF)
v.                                       )
                                         )
                                         )
THE DISTRICT OF COLUMBIA, *et al.*,      )
                                         )
          Defendants.                    )

THE DEFENDANTS DISTRICT OF COLUMBIA AND
OFFICER DALE VERNICK'S ANSWER TO PLAINTIFF'S COMPLAINT

First Defense

Plaintiff failed to state a claim upon which relief can be granted.

Second Defense

The defendants District of Columbia and Dale Vernick (collectively "District

defendants") hereby respond to plaintiff's numbered paragraphs of the complaint in like-

numbered paragraphs as follows:

Jurisdiction and Venue

1. Defendants acknowledge the existence of the statute as cited in ¶ 1 of the

complaint, but denies that jurisdiction is necessarily conferred thereby.

2. The allegations as stated in ¶ 2 of the complaint state the legal conclusions of

the pleader to which no response is required. To the extent any response is required, these

District defendants deny the allegations.

Parties

3-5. These District defendants are without sufficient information to either admit or deny the allegations as state in ¶¶ 3 through 5 of the complaint. To the extent any response is required, these District defendants deny the allegations.

6. These District defendants admit the allegations as stated in ¶ 6 of the complaint.

7. These District defendants admit that all times referenced in the complaint Dale Vernick was employed as a Metropolitan Police Officer. The capacity in which Officer Vernick is being sued states the legal conclusions of the pleader to which no response is required.

8. These District defendants are without sufficient information to either admit or deny the allegations as contained in ¶ 8 of the complaint. To the extent any response is required, these District defendants deny the allegations.

Factual Background

9-15. These District defendants are without sufficient information to either admit or deny the allegations as stated in ¶¶ 9 through 15 of the complaint. To the extent any answer is required, these District defendant deny the allegations.

16. These District defendants admit that MPD officers called for backup, and after plaintiff parked the car in which he was driving, approached plaintiff's vehicle.

17. The allegations as stated in ¶ 17 of the complaint state the legal conclusions of the pleader to which no response is required. To the extent any response is required, these District defendants deny the allegations.

18-20. These District defendants deny the allegations as contained in ¶¶ 18 through 20 of the complaint.

21. These District defendants deny that Defendant Vernick cursed and yelled at plaintiff, and held him at gunpoint in the presence of S.R. Further responding, while these District defendants admit that during this incident, plaintiff called out to a woman, they lack sufficient information to either admit or deny that fear caused him to call out her name, or that she is in fact his wife.

22. These District defendants lack sufficient information to either admit or deny whether the woman who came out of the house did so because she heard plaintiff call out her name, but admit that the woman came out of the house and into the yard. Further answering, the defendants admit that the woman was ordered to stay in the yard.

23-24. These District defendants admit that S.R. child was removed from the car, but deny the remaining allegations as stated in ¶¶ 23 and 24 of the complaint.

25. These District defendants admit that plaintiff and S.R. were handcuffed.

26-29. These District defendants deny the allegations as stated in ¶¶ 26 through 29 of the complaint.

30. The allegations as contained in ¶ 30 of the complaint state the legal conclusions of the pleader to which no response is required. To the extent any response is required, these District defendants deny the allegations.

Count I
Deprivation of Civil Rights
Excessive Force
(District, Officer Vernick and John Doe)

31. These District defendants hereby incorporate their responses to ¶¶ 1 through 30 by reference herein.

32. The allegations as contained in ¶ 32 of the complaint state the legal conclusions of the pleader to which no response is required. To the extent any response is required, these District defendants deny the allegations.

33. These District defendants deny the allegations as contained in ¶ 33 of he complaint.

Count II
(Negligence)
(Enterprise, Officers Vernick and Doe)

34. These District defendants hereby incorporate their responses to ¶¶ 1 through 33 by reference herein.

35-36. The allegations as contained in ¶¶ 35 and 36 pertain to defendant Enterprise and not these District defendants. As such, no response is required.

37.   The allegations as contained in ¶ 37 of the complaint state the legal conclusions of the pleader to which no response is required.

38.-39. These District defendants deny the allegations as stated in ¶¶ 37 and 39 of the complaint.

Count III
(Assault)
(District, Officers Vernick and Doe)

40. These District defendants hereby incorporate their responses to ¶¶ 1 through 39 by reference herein.

41-43. These District defendants deny the allegations as contained in ¶¶ 41 through 43 of the complaint.

Count IV

(Battery)
(District, Officers Vernick and Doe)

44. These District defendants hereby incorporate their responses to ¶¶ 1 through 43 by reference herein.

45-47. These District defendants deny the allegations as contained in ¶¶ 45 through 47 of the complaint.

Count V
(False Arrest)
(District, Officers Vernick and Doe)

48. These District defendants hereby incorporate their responses to ¶¶ 1 through 47 be reference herein.

49-50. These District defendants deny the allegations as contained in ¶¶ 49 and 50 of the complaint.

Count VI
(Intentional Infliction of Emotional Distress)
(District, Officers Vernick and Doe)

51. These District defendants hereby incorporate their responses to ¶¶ 1 through 50 by reference herein.

52-53. These District defendants deny the allegations as contained in ¶¶ 52 and 53.

Count VII
(Negligent Infliction of Emotional Distress)
(Enterprise, District, Officers Vernick and Doe)

54. These District defendants hereby incorporate their responses to ¶¶ 1 through 53 by reference herein.

55. The allegation as contained in ¶ 55 does not pertain to these District defendants. As such, no response is required.

56-57. These District defendants deny the allegations as contained in ¶¶ 56 and 57 of the complaint.

Further responding, these District defendants deny any and all allegations of wrongful conduct, intentional or otherwise, not specifically admitted or otherwise answered.

THIRD DEFENSE

The actions of the defendants Dale Vernick and the District of Columbia, by and through its agents/or employees, were reasonably necessary to effect, maintain and enforce the laws of the United States of America and/or the District of Columbia.

FOURTH DEFENSE

The defendant Dale Vernick may be entitled to a defense of qualified immunity and/or privilege.

FIFTH DEFENSE

The actions of the defendants Vernick and the District of Columbia, by and through its agents and/or employees, complied with all applicable laws and met or exceeded all applicable standards of care.

SIXTH DEFENSE

If the plaintiffs were injured as alleged in the complaint, such injuries were the result of a third party, not defendants Dale Vernick, the District of Columbia, or its employees or agents.

SEVENTH DEFENSE

If plaintiffs were injured as alleged in the Complaint, such injuries were the result of his sole or contributory negligence and/or assumption of the risk.

EIGHTH DEFENSE

This action may be barred by the doctrine of laches and/or the applicable statutes of limitations.

NINTH DEFENSE

Plaintiffs may have failed to comply with the requirements of D.C. Official Code § 12-309.

TENTH DEFENSE

Plaintiffs' action may be barred by limited or absolute immunity.

ELEVENTH DEFNSE

Plaintiffs can not prove facts sufficient to maintain a constitutional cause of action against the District of Columbia and Officer Dale Vernick pursuant to 42 U.S.C. 1983, *et seq*.

SET-OFF

The District claims a set-off for any and all funds paid to the Plaintiffs by Medicaid or any other form of public assistance or aid as a result of this alleged incident.

JURY DEMAND

The defendants demand a jury trial on all issues so triable.

WHEREFORE, having fully answered, the District defendants request that the plaintiffs' Complaint be dismissed with prejudice, with costs awarded.

FURTHER, the defendants reserve the right to amend this answer pursuant to

SCR-Civil 15.

Respectfully submitted,

EUGENE A. ADAMS
Interim Attorney General for the District of
Columbia

GEORGE C. VALENTINE
Deputy Attorney General, D.C.
Civil Litigation Division

_____
PATRICIA A. JONES #428132
Chief, General Litigation Sec. IV

_____
GEORGE E. RICKMAN #433298
Assistant Attorney General
General Litigation Sec. IV
P.O. Box 14600
Washington, DC 20044-4600
202-442-9840/fax 202-727-3625