**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DOUGLAS ROESER, | : |
| and | : |
| DOUGLAS ROESER, AS NEXT BEST FRIEND OF S.R., A MINOR, | : : |
| Plaintiffs, | : |
| v. | :     Case No.: 1:06-cv-01579-PLF |
| ENTERPRISE LEASING COMPANY, | : |
| THE DISTRICT OF COLUMBIA, | : |
| D.C. OFFICER DALE N. VERNICK, | : |
| and | : |
| D.C. OFFICER JOHN DOE, | : |
| Defendants. | : |

**JOINT REPORT PURSUANT TO FRCP 16(f) AND LOCAL RULE 16.3**

Pursuant to this Court's revised notice of January 8, 2007, Federal Rules of Civil Procedure, Rule 16(f) and Local Rule 16.3, the parties submit the following initial joint report:

**I.  Background**

This tort action arises out of a police stop that occurred on September 11, 2005. The Plaintiff, Douglas Roeser and his minor son, were the respective driver and passenger of a rental vehicle owned by Defendant, Enterprise Leasing Company ("Enterprise"). The vehicle had been previously reported stolen by Enterprise, recovered and re-rented. There was a dispute between the Defendant, The District of Columbia ("The District") and Defendant Enterprise as to whether or not The District had been notified that the vehicle had been recovered prior to the occurrence. Plaintiffs allege various civil rights violations and

intentional torts against The District and the officers involved (Defendant Dale Vernick and "John Doe") including excessive force, assault and battery and intentional infliction of emotional distress. Plaintiffs also allege various acts of negligence against Defendant Enterprise and seek compensatory and punitive damages against both Defendants. Co-Defendants have Cross-Claimed each other for indemnification and contribution. All Defendants deny all wrongdoing or that any action taken was otherwise unreasonable, unconstitutional or illegal.

## II.  Issues Discussed Pursuant to Rule 26(f)

**(1)     Rule 26(a) (1) Disclosures**

The parties will exchange initial disclosures shall be made pursuant to Rule 26(a)(1) by February 27, 2007.

**(2)     Subjects upon which discovery may be needed, recommended dates**

Discovery is needed on both liability and damages. The parties recommend the following dates:

- Deadline to serve initial interrogatories and request for production of documents/adding additional parties/amending pleadings 4/9/07

- Designation of Plaintiff's Experts 5/9/07

- Designation of Defendant's Experts 7/9/07

- Rebuttal Experts/deadline to submit requests for admissions 8/9/07

- Close of Discovery 9/9/07

- Dispositive motions 10/12/07

- Any opposition 11/2/07

- Reply 11/16/07

- Pretrial: To be determined.

(3)     **Modifications to discovery under Federal and Local Rules**

None requested at this time.

(4)     **Any orders requested pursuant to Rule 26(c) or under 16(b) and (c)**

The District will be requesting a protective order as to any request for personnel files or other information protected by statue.  Further, the District Defendants reserve the right to seek relief as provided under the rules.

### III.  Matters Proposed Pursuant to Local Rule 16.3

(1)     **Dispositive Motions**

Parties reserve the right to file a dispositive motion at any time during the litigation, but no later than 10/12/07.

(2)     **Deadlines for adding parties and amending pleadings**

See above.

(3)     **Whether the case should be assigned to a Magistrate Judge**

The parties agree the case may be assigned to a Magistrate Judge for the purposes of mediation after preliminary discovery.

(4)     **Possibility of settlement**

Too early to determine.

(5)     **Whether ADR would be beneficial**

Yes.  The parties anticipate they will be in a position to submit this matter to a Magistrate Judge for mediation after preliminary discovery.

(6)     **Likelihood of Summary Judgment or Dismissal**

There is a possibility that one or more parties may file motion for summary judgement and/or partial summary judgment on the issue of liability (notice) and/or Plaintiff's claim for punitive damages.

(7)     **Rule 26(1) Disclosures**

See above.

(8)     **Anticipated extent of discovery**

See above.

(9)     **Potential Modifications to Rule 26(a)(2)**

To be determined.

(10)    **Class Actions**

To be determined.

(11)    **Modification of Trial and/or Discovery**

To be determined.

(12)    **Date for Pretrial Conference**

To be determined.

(13)    **Trial Date**

To be determined.

(14)    **Other Matters**

None.

Respectfully submitted,
LAW OFFICES OF ROBERT G. MCGINLEY, P.C.

_____/S/_____
Robert G. McGinley, Esquire #415242
4601 Forbes Boulevard, Suite 200
Lanham, Maryland 20706
301/731-4601
Counsel for Defendant
Enterprise Leasing Company


_____/S/_____
Johnnie D. Bond, Jr., Esquire #485488
1229 15th Street, N.W.
Washington, D.C. 20005
Counsel for Plaintiffs


Linda Singer
Acting Attorney General for the District of Columbia

George C. Valentine
Deputy Attorney General, D.C.
Civil Litigation Division


_____/S/_____
Patricia A. Jones, Esquire #428132
Chief, General Litigation Section IV
Civil Litigation Division


_____/S/_____
George E. Rickman, Esquire #433298
Assistant Attorney General, District of Columbia
General Litigation Section IV
Civil Litigation Division
441 Fourth Street, Sixth Floor North
Washington, D.C. 20001
(202) 442-9840; (202) 727-6295
Counsel for the District of Columbia
and Officer Dale Vernick

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a copy of the foregoing was sent electronically this 6th day of February 2007, to:

Johnnie D. Bond, Jr., Esq.
Donald M. Temple, Esq.
1229 15th Street, N.W.
Washington, D.C. 20005
Counsel for Plaintiffs


George E. Rickman, Esq.
Patricia A. Jones, Esq.
George C. Valentine, Esq.
Linda Singer, Esq.
441 Fourth Street, Sixth Floor North
Washington, D.C. 20001
Counsel for The District of Columbia
and Officer Dale Vernick


                                                            /S/
                                       Robert G. McGinley