IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DOUGLAS ROESER** <br> 5330 B. Street, S.E., #4 <br> Washington, DC 20019 <br><br> **SEAN ROESER** <br> 5330 B. Street, S.E., #4 <br> Washington, DC 20019 <br><br> Plaintiffs, <br><br> v. <br><br> **ENTERPRISE LEASING COMPANY** <br> 4750 Branch Avenue <br> Temple Hills, MD 20748 <br><br> and <br><br> **DISTRICT OF COLUMBIA** <br> **A Municipal Corporation** <br><br> **SERVE ON:** <br>     **Anthony Williams** <br>     **Corporation Counsel** <br>     **John A. Wilson Building** <br>     **1350 Pennsylvania Avenue, NW** <br>      **Washington, DC 20004** <br><br>     **Office of the Attorney General** <br>     **441 4th Street, N.W.** <br>     **Washington, DC 20001** <br><br>     and <br><br> **D.C. OFFICER DALE N. VERNICK,** <br> **Metropolitan Police Department** <br> **Individually and in his official capacity** <br> **Sixth District** <br> **100 42nd Street, NE** <br> **Washington, DC 20019** | Civil No: 1:06-cv-01579-PLF <br> Judge Paul L. Friedman <br> Next Event:   Joint Status Report <br>                        6/15/07 |

|  | ) |
| --- | --- |
| and | ) |
|  | ) |
| **D.C. OFFICER THOMAS CADDELL** | ) |
| **Metropolitan Police Department** | ) |
| **Individually and in his official capacity** | ) |
| **Sixth District** | ) |
| **100 42nd Street, NE** | ) |
| **Washington, DC 20019** | ) |
|  | ) |
| **Defendants.** | ) |
|  | ) |

## FIRST AMENDED COMPLAINT

COME NOW Plaintiffs Douglas Roeser and Sean Roeser, by and through undersigned counsel, and for their Complaint, state as follows:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction of this action pursuant to 42 U.S.C. §1983 et. seq.

2. This Court has personal jurisdiction over the Defendants because all Defendants conduct business in the District of Columbia and Plaintiffs also reside in the District of Columbia. Venue is therefore proper within the jurisdiction of the District of Columbia.

### PARTIES

3. Plaintiff, **Douglas Roeser ("Roeser")**, is a Caucasian male and resides in Washington, D.C.

4. Plaintiff, **Sean Roeser ("S.R.")**, is the son of Plaintiff Mr. Roeser and his wife Mecca Roeser, resides in the District of Columbia and was a minor at the time of the incident.

5. Defendant, **Enterprise Leasing Company d/b/a Enterprise ("Enterprise")**, a Maryland for-profit corporation, resides and conducts business in the District of Columbia as a

Foreign Business Corporation.

6. Defendant, **District of Columbia ("District")**, is a municipality that controls and operates the District of Columbia and the Metropolitan Police Department **("MPD")**.

7. Defendant, **Dale N. Vernick ("Vernick")**, at all times referenced herein was an MPD Officer and employee of Defendant District and is being sued in his official and individual capacities.

8. Defendant, **Thomas Caddell ("Caddell")**, at all times referenced herein was MPD Officer and employee of Defendant District and is being sued in his official and individual capacities.

## FACTUAL BACKGROUND

9. On September 6, 2005, at approximately 9:40 am, Mr. Roeser rented a vehicle (the "Rental Car") from Defendant Enterprise for his family's personal use.

10. Mr. Roeser is a football coach for a local Washington, DC high school and is well known in his neighborhood and among his peers for coaching as well as community involvement to help area youths. SR is a high school student who achieved recognition as a star athlete and as a student with high academic performance.

11. Unbeknownst to Mr. Roeser, Defendant Enterprise and/or its agents or customers had previously reported to MPD that the Rental Car had been stolen. Upon information and belief, Defendant Enterprise also illegally placed a license plate which was registered to another vehicle on the Rental Car.

12. Upon information and belief, Defendant Enterprise knew or should have known that the Rental Car had been previously reported as stolen when it was rented to Mr. Roeser.

13. Upon information and belief, Defendant Enterprise knew or should have known

that the Rental Car carried an incorrect license plate and/or registration tags.

14.     Yet, Defendant Enterprise rented the car to Mr. Roeser without advising him that the Rental Car had been previously reported stolen or that the license plate was not registered to the Rental Car.  Likewise, Enterprise failed to properly confirm or verify that the vehicle was no longer listed as stolen prior to renting it to Mr. Roeser.

15.     Later, on September 11, 2005, at approximately 10:45 pm, Mr. Roeser and S.R. (the "Roesers") were traveling home in the Rental Car on or about Alabama Avenue S.E.

16.     As they were traveling, Mr. Roeser and S.R. both noticed that an MPD officer was following their car without initiating his emergency lights and without signaling the Roesers to pull to the side of the road.

17.     Defendant Vernick continued to follow the Roesers for nearly one (1) mile.  The Roesers drove in compliance with all traffic laws until they arrived in front of their home and parked the vehicle.  Moreover, Defendant Vernick and Caddell observed that Mr. Roeser was not behaving like a typical car thief, to wit, he was not attempting to flee the scene, speed up or drive the vehicle a short distance into Maryland avoiding the police.  Yet, Officer Vernick continued to follow Mr. Roeser without engaging his emergency lights and summons other police units to the scene.

18.     Upon arriving at their home address, Mr. Roeser exited his vehicle to enter his home address.  Defendant Vernick still had not engaged his emergency lights.  After Mr. Roeser exited the vehicle, Defendant Vernick then engaged his emergency lights.  Already out of his vehicle and now confused, Mr. Roeser began to inquire why Defendant Vernick was following him without engaging his emergency lights until after he arrived at his home.  Also, Mr. Roeser immediately began to explain to Officer Vernick that the vehicle was a rental car.

19. By that time, Defendants Vernick and Caddell had called two other MPD units to the scene.

20. Upon information and belief, the conduct of Officers Vernick and Caddell breached MPD policy and procedure throughout this incident.

21. Officer Vernick immediately exited the car and drew and pointed his gun at Mr. Roeser despite the fact that Mr. Roeser was visibly not armed.

22. Officer Vernick told Mr. Roeser to "get in the fucking car!" Seeing the gun drawn and fearing for his life, Mr. Roeser began to yell for his wife. Mrs. Roeser who was in their home began to watch and witness the incident. Mr. Roeser then got back into his vehicle as instructed and waited.

23. Officer Vernick then, using the vehicle's loud speaker, announced "the car is stolen" and for Mr. Roeser to stay in the car.

24. While in the car, Mr. Roeser and SR began to compile the license and rental documentation in order to show that the vehicle was a rental car. Mr. Roeser then exited the car to explain that the car was a rental car, that he had his license and rental papers to verify that the car was not stolen.

25. Officer Vernick demanded Mr. Roeser to "get back in the fucking car." Mr. Roeser again returned to the vehicle.

26. At some point, Mrs. Roeser, after hearing her husband's call of despair and observing the incident, ran out of their home and tried to determine what was happening. Defendant Vernick ordered her to "stay in the yard!"

27. Then, with his gun drawn, Defendant Vernick approached Mr. Roeser and began cursing and shouting demands to Mr. Roeser, holding him at gunpoint and putting him in fear of

harm or death. Despite being informed by Mr. Roeser that the vehicle was a rental car, Defendant Vernick did not request Mr. Roeser's identification or rental documentation. Upon information and belief, Defendant Vernick violated MPD policy and procedure by failing to do so.

28. Defendant Vernick, with his gun drawn and pointed at Mr. Roeser, ordered Mr. Roeser out of the Rental Car. Once Mr. Roeser got out of the vehicle, Defendant Vernick immediately arrested him by handcuffing his hands behind his back. Mr. Roeser continually begged for Defendant Vernick to view his rental car documentation. Defendant Vernick ignored Mr. Roeser's requests.

29. Defendant Vernick refused to explain his conduct, even when asked for an explanation by Mr. Roeser. Then without cause, Defendant Vernick made Mr. Roeser lay face down in the street in the presence of his minor son, wife and neighbors with his hands handcuffed behind his back.

30. After he handcuffed Mr. Roeser, Defendant Vernick continued to curse and yell at him and to hold him at gunpoint.

31. Simultaneously, Defendant Caddell approached SR on the passenger side with his gun drawn pointed at SR.

32. Mr. Roeser, fearing for his son's life began to request that SR stay in the car. Defendant Vernick then commanded Defendant Caddell that "if he won't get out, pull your stick out on him!"

33. Defendant Caddell opened the passenger side door and physically grabbed and pulled S.R., a minor, out of the Rental Car. Defendant Caddell pushed SR against the vehicle and immediately arrested him by handcuffing his hands behind his back. After handcuffing SR,

Defendant Caddell searched his pockets and body. Officer Caddell then pushed SR to the ground and ordered him to sit on the curb next to his father with his hands handcuffed behind his back.

34. Mr. Roeser laid handcuffed face down on the street for about five minutes. By this time, about three or four other officers had arrived at the scene and were standing over the Roesers as SR sat handcuffed on the curb and Mr. Roeser laid facedown in the view of their family and neighbors.

35. Mrs. Roeser was forced to watch her son and husband get searched, arrested and humiliated in the presence of their family, neighbors and friends.

36. Throughout the entire incident, Mr. Roeser explained that the vehicle was not stolen but that it was a rental car, to no avail. Defendants Vernick and Caddell held Mr. Roeser and SR arrested and handcuffed for thirty to forty-five minutes without ever asking for or reviewing their rental verification information.

37. Mr. Roeser later learned that the Officers' conduct arose from information they received, specifically, that the Rental Car was reported stolen and/or impounded by Enterprise. An MPD Officer later informed the Roesers that the tags on the vehicle were registered to another vehicle.

38. In violation of MPD policy and procedure and in order to cover up their violation of the Roeser's constitutional rights, Defendants Vernick and Caddell reported the incident not as an arrest, but as a "Stop and Frisk." In their inaccurate report, Defendants Vernick and Caddell reported that the entire incident only occurred within one (1) minute; from 11:18 pm to 11:18 pm. See Exhibit 1, Stop and Frisk Report, Box 2. In further violation of MPD policy and procedure, Defendants Vernick and Caddell masked their violation of the Roeser's constitutional rights, by intentionally omitting that they arrested the Roesers, that they used force against the

Roesers and that they detained the Roesers for thirty to forty-five minutes without ascertaining whether the vehicle was stolen or rented.

39. Plaintiffs assert the doctrine of respondeat superior in regard to Defendant District's liability for Defendant Vernick and Caddell's conduct.

## COUNT I
## 42 U.S.C. § 1983 DEPRIVATION OF CIVIL RIGHTS, UNREASONABLE AND EXCESSIVE FORCE
### (District, Officers Vernick and Caddell)

40. Plaintiffs incorporate by reference all the allegations in paragraphs, 1 through 39 as if stated herein.

41. Defendants Vernick and Caddell, with deliberate indifference to and reckless disregard for the safety and well-being of the Plaintiffs Douglas Roeser and S.R. and in violation of 42 U.S.C. §1983, did on September 11, 2005 use unreasonable and/or excessive force which deprived Plaintiffs of their constitutional rights without affording them due process of law in violation of the Fourth, Fifth, and Fourteenth Amendments of the U.S. Constitution.

42. As a direct and proximate result of Defendant's unreasonable and/or excessive force, Plaintiffs suffered physical injury, emotional distress, humiliation, fear and loss of self esteem.

**WHEREFORE,** Plaintiffs respectfully pray for judgment against Defendants, jointly and severally, as follows:

   a. Compensatory damages in an amount in excess of One Million Dollars ($1,000,000.00);

   b. Punitive damages in excess of One Million Dollars ($1,000,000.00);

   c. Statutory attorney's fees and costs; and

    d.      Such other relief as the Court deems appropriate.

**COUNT II**
**NEGLIGENCE**
**(Enterprise, Officers Vernick and Caddell)**

    43.      Plaintiffs incorporate by reference the allegations of paragraphs 1-42 of the Complaint as if fully stated herein.

    44.      Defendant Enterprise had a duty to rent Plaintiffs a vehicle free of legal encumbrances that would place Plaintiff's under scrutiny by local law enforcement.

    45.      Defendant Enterprise breached that duty when it rented a car to Plaintiffs that Enterprise knew or should have known was previously reported stolen to the MPD and had incorrect license tags.

    46.      Defendant Enterprise also breached that duty by failing to the remove the incorrect tags and failing to confirm that "stolen" status or "impound" status of the vehicle was removed prior to renting it to Plaintiffs.

    47.      Defendants District, Vernick, and Caddell had a duty to follow proper MPD policy and procedure in stopping the Roeser's to ascertain whether they had stolen the Rental Car and in reporting the incident to their superiors.

    48.      In failing to do so, Defendants District, Vernick, and Caddell failed to act as reasonable law enforcement Officers would under the circumstances.

    49.      As a direct and proximate cause of all Defendants' negligence, Plaintiffs were falsely arrested, assaulted, and battered and suffered embarrassment, physical pain, humiliation and emotional distress.

    **WHEREFORE,** Plaintiffs respectfully pray for judgment against Defendants, jointly and severally, as follows:

    a.    Compensatory damages in an amount in excess of Two Hundred Fifty Thousand Dollars ($250,000.00);

    b.    Punitive damages in an amount in excess of One Million Dollars ($1,000,000.00); and

    c.    Such other relief as the Court deems appropriate.

## COUNT III
## ASSAULT
### (District, Officers Vernick and Caddell)

50. Plaintiffs incorporate by reference the allegations of paragraphs 1- 49 of the Complaint as if fully stated herein.

51. Defendant Vernick threatened and created in Mr. Roeser apprehension of harmful and offensive contact and apprehension of physical harm when Defendant Vernick approached Mr. Roeser, held him at gunpoint, while cursing and shouting demands, ordering him out of the car and forcing him to the ground at gunpoint. S.R. was also placed in fear of harmful contact by Defendant Vernick commanding Defendant Caddell to "pull your stick out on him!"

52. Defendant Caddell threatened and created in S.R. apprehension of harmful and offensive contact when he pulled S.R. out of the car and forced him to the ground.

53. As a direct and proximate result of Defendants' actions, Plaintiffs suffered physical pain, emotional distress, mental anguish, fear, and loss of self esteem.

**WHEREFORE,** Plaintiffs respectfully pray for judgment against Defendants, jointly and severally, as follows:

    a.    Compensatory damages in an amount in excess of Two Hundred Fifty Thousand Dollars ($250,000.00);

    b.    Punitive damages in an amount in excess of One Million Dollars ($1,000,000.00);

and

 c. Such other relief as the Court deems appropriate.

## COUNT IV
## <u>BATTERY</u>
**(District, Officers Vernick and Caddell)**

 54. Plaintiffs incorporate by reference the allegations of paragraphs 1- 53 of the Complaint as if fully stated herein.

 55. Defendant Vernick unlawfully battered Mr. Roeser when he forced Mr. Roeser to the ground and made him lie in the street face down, with his hands handcuffed behind his back while holding his gun to Mr. Roeser's head. At no time referenced herein did Mr. Roeser consent to Defendant Vernick's battery.

 56. Defendant Caddell unlawfully touched S.R. when he grabbed and pulled S.R. out of the Rental Car, handcuffed and searched him, forced him to the ground with his hands handcuffed behind his back. At no time during the incident referenced herein did S.R. consent to the offensive and unlawful touching.

 57. As a direct and proximate result of Defendants' offensive touching, Plaintiffs suffered damages including, physical pain, emotional distress, pain and suffering, humiliation, and loss of self esteem.

 **WHEREFORE,** Plaintiffs respectfully pray for judgment against Defendants, jointly and severally, as follows:

 a. Compensatory damages in an amount in excess of One Million Dollars ($1,000,000.00);

 b. Punitive damages in an amount in excess of One Million Dollars (1,000,000);

 c. Such other relief as the Court deems appropriate.

## COUNT V
## FALSE ARREST
### (District, Dale Vernick and Officer Caddell)

58. Plaintiffs incorporate by reference the allegations of paragraphs 1- 57 of the Complaint as if fully stated herein.

59. Defendants Vernick and Caddell falsely and unjustifiably arrested Plaintiffs when they unreasonably ordered them out of the Rental Car onto the ground and handcuffed them for a crime they did not commit, without attempting to ascertain if they had stolen the car. Plaintiffs reasonably believed that at no point during the detention that they were free to leave the scene of the incident due to the threat of harm imposed by Defendants Vernick and Caddell.

60. As a direct and proximate result of Defendants' false arrest, Plaintiffs suffered damages, including physical pain, emotional distress, pain and suffering, embarrassment, emotional distress, humiliation, and loss of self esteem.

**WHEREFORE,** Plaintiffs respectfully pray for judgment against Defendants, jointly and severally, as follows:

    a. Compensatory damages in an amount in excess of Two Hundred Fifty Thousand ($250,000.00); and

    b. Punitive Damages and attorney's fees if applicable; and

    b. Such other relief as the Court deems appropriate.

## COUNT VI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (District, Officers Vernick and Caddell)

61. Plaintiffs incorporate by reference the allegations of paragraphs 1- 60 of the Complaint as if fully stated herein.

62. Defendants Vernick and Caddell's actions of falsely arresting them without

ascertaining their identification and vehicle registration, cursing at them loudly, holding them at gunpoint and handcuffing them in the presence of their neighbors and family was reckless, extreme and outrageous.

63.     As a direct and proximate result of Defendants' actions, Plaintiffs suffered damages, including, physical pain and suffering, serious emotional distress, humiliation, embarrassment, and loss of self esteem due to being forced to lie in the street after being ordered out of the car, at gun point with no explanation.

**WHEREFORE,** Plaintiffs respectfully pray for judgment against Defendants, jointly and severally, as follows:

    a.      Compensatory damages in an amount in excess of Two Hundred Fifty Thousand ($250,000.00);

    b.      Such other relief as the Court deems appropriate.

### COUNT VII
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
**(Enterprise, District, Officers Vernick and Caddell)**

64.     Plaintiff incorporates by reference the allegations of paragraphs 1- 63 of the Complaint as if fully stated herein.

65.     Defendant Enterprise breached its duty of care to Plaintiffs by renting to them a vehicle that had been reported stolen placing them in the foreseeable harms of false arrest, constitutional violations and emotional distress.

66.     Defendants District, Officers Vernick and Caddell breached MPD policy and procedure in falsely arresting Plaintiffs. Defendants Vernick and Doe's actions of falsely arresting them for a crime they did not commit without ascertaining their identification and vehicle registration, cursing at them loudly, holding them at gunpoint and handcuffing them in the presence

of their neighbors and family rose to the level of negligence.

67. As a direct and proximate result of all Defendants actions, Plaintiffs have suffered emotional distress, physical pain and suffering due to the physical impact they sustained from Defendant Officers forcefully pushing Plaintiffs to the ground. Defendants conduct referenced herein was negligent.

**WHEREFORE,** Plaintiffs respectfully pray for judgment against Defendants, jointly and severally, as follows:

a. Compensatory damages in an amount in excess of Two Hundred Fifty Thousand ($250,000.00); and

b. Such other relief as the Court deems appropriate.

## JURY DEMAND

Plaintiffs demand a jury trial of all issues so triable.

Respectfully submitted,

BOND LAW FIRM, PLLC

By: /s/ Johnnie D. Bond, Jr.
Johnnie D. Bond, Jr. #485488
1424 K Street, NW, Ste. 660
Washington, D.C. 20005
(202) 328-1354 Phone
(202) 318-4528 Fax
**Attorneys for Plaintiffs**
**jbond@bondpllc.com**