**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| DOUGLAS ROESER, | : | |
| and | : | |
| SEAN ROESER, | : | |
| Plaintiffs, | : | |
| v. | : | Case No.: 1:06-cv-01579-PLF |
| | | Judge Paul L. Friedman |
| ENTERPRISE LEASING COMPANY, | : | Next Event: Joint Status Report |
| | | June 15, 2007 |
| THE DISTRICT OF COLUMBIA, | : | |
| D.C. OFFICER DALE N. VERNICK, | : | |
| and | : | |
| D.C. OFFICER THOMAS CADDELL, | : | |
| Defendants. | : | |

**DEFENDANT, ENTERPRISE LEASING COMPANY'S
ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant, Enterprise Leasing Company, by and through its counsel, Robert G.

McGinley and The Law Offices of Robert G. McGinley, P.C., for its Answer to Plaintiffs' First

Amended Complaint, states:

**First Defense**

Plaintiffs' Complaint fails to state a claim for which relief can be granted.

**Second Defense**

For its responses to the specifically-numbered allegations contained in Plaintiffs'

Complaint, Defendant states:

1

1.      Defendant reserves on the issue of subject matter jurisdiction pending the development of relevant facts through discovery, investigation or at trial.

2.      Defendant reserves on the issue of personal jurisdiction over the Defendants, pending the development of relevant facts through discovery, investigation or at trial.

3.      Defendant is without sufficient information upon which to form a belief as to the truth of the allegations set forth in Paragraph 3 and therefore, neither admits nor denies the same, but demands strict proof thereof.

4.      Defendant is without sufficient information upon which to form a belief as to the truth of the allegations set forth in Paragraph 4 and therefore, neither admits nor denies the same, but demands strict proof thereof.

5.      Defendant admits the allegations set forth in Paragraph 5.

6.      The allegations set forth in Paragraph 6 do not refer or relate to this Defendant.

7.      The allegations set forth in Paragraph 7 do not refer or relate to this Defendant.

8.      The allegations set forth in Paragraph 8 do not refer or relate to this Defendant.

9.      Defendant denies the allegations, as phrased, set forth in Paragraph 9.

10.     Defendant denies the allegations, as phrased, set forth in Paragraph 10.

11.     Defendant denies the allegations, as phrased, set forth in Paragraph 11.

12.     Defendant denies the allegations set forth in Paragraph 12.

13.     Defendant denies the allegations set forth in Paragraph 13.

14.     Defendant denies the allegations, as phrased, set forth in Paragraph 14.

15.    The allegations set forth in Paragraph 15 do not refer or relate to this Defendant.  To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

16.    The allegations set forth in Paragraph 16 do not refer or relate to this Defendant.  To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

17.    The allegations set forth in Paragraph 17 do not refer or relate to this Defendant.  To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

18.    The allegations set forth in Paragraph 18 do not refer or relate to this Defendant.  To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

19.    The allegations set forth in Paragraph 19 do not refer or relate to this Defendant.  To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

20.    The allegations set forth in Paragraph 20 do not refer or relate to this Defendant.  To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

21.    The allegations set forth in Paragraph 21 do not refer or relate to this Defendant.  To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

22.     The allegations set forth in Paragraph 22 do not refer or relate to this Defendant.  To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

23.     The allegations set forth in Paragraph 23 do not refer or relate to this Defendant.  To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

24.     The allegations set forth in Paragraph 24 do not refer or relate to this Defendant.  To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

25.     The allegations set forth in Paragraph 25 do not refer or relate to this Defendant.  To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

26.     The allegations set forth in Paragraph 26 do not refer or relate to this Defendant.  To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

27.     The allegations set forth in Paragraph 27 do not refer or relate to this Defendant.  To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

28.     The allegations set forth in Paragraph 28 do not refer or relate to this Defendant.  To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

29.     The allegations set forth in Paragraph 29 do not refer or relate to this Defendant.  To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

30.     The allegations set forth in Paragraph 30 do not refer or relate to this Defendant.  To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

31.     The allegations set forth in Paragraph 31 do not refer or relate to this Defendant.  To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

32.     The allegations set forth in Paragraph 32 do not refer or relate to this Defendant.  To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

33.     The allegations set forth in Paragraph 33 do not refer or relate to this Defendant.  To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

34.     The allegations set forth in Paragraph 34 do not refer or relate to this Defendant.  To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

35.     The allegations set forth in Paragraph 35 do not refer or relate to this Defendant.  To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

36.     The allegations set forth in Paragraph 36 do not refer or relate to this Defendant.  To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

37.     Defendant denies the allegations set forth in Paragraph 37.

38.     The allegations set forth in Paragraph 38 do not refer or relate to this Defendant.  To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

39.     The allegations set forth in Paragraph 39 do not refer or relate to this Defendant.  To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

**COUNT I**
**42 U.S.C. §1983 DEPRIVATION OF CIVIL RIGHTS,**
**UNREASONABLE AND EXCESSIVE FORCE**
**(District, Officers Vernick and Caddell)**

40.     Defendant incorporates by reference all defenses and allegations previously stated.

41.     The allegations set forth in Paragraph 41 do not refer or relate to this Defendant.  To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

42.     The allegations set forth in Paragraph 42 do not refer or relate to this Defendant.  To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

6

**COUNT II**
**NEGLIGENCE**
**(Enterprise, Officers Vernick and Caddell)**

43.     Defendant incorporates by reference all defenses and allegations previously stated.

44.     The allegations in Paragraph 44 contain a recitation of law to which no response is required.  To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

45.     The allegations in Paragraph 45 contain a recitation of law to which no response is required.  To an extent an answer is required, Defendant denies the same and demands strict proof thereof.  Defendant Enterprise specifically denies that the vehicle was displaying stolen or incorrect tags at the time of the occurrence.

46.     The allegations in Paragraph 45 contain a recitation of law to which no response is required.  To an extent an answer is required, Defendant denies the same and demands strict proof thereof.  Defendant Enterprise specifically denies that the vehicle was displaying stolen or incorrect tags at the time of the occurrence.

47.     The allegations set forth in Paragraph 47 do not refer or relate to this Defendant.  To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

48.     The allegations set forth in Paragraph 48 do not refer or relate to this Defendant.  To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

49.     Defendant denies the allegations set forth in Paragraph 49.

**COUNT III**
**ASSAULT**
**(District, Officers Vernick and Caddell)**

50.     Defendant incorporates by reference all defenses and allegations previously stated.

51.     The allegations set forth in Paragraph 51 do not refer or relate to this Defendant.  To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

52.     The allegations set forth in Paragraph 52 do not refer or relate to this Defendant.  To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

53.     The allegations set forth in Paragraph 53 do not refer or relate to this Defendant.  To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

**COUNT IV**
**BATTERY**
**(District, Officers Vernick and Caddell)**

54.     Defendant incorporates by reference all defenses and allegations previously stated.

55.    The allegations set forth in Paragraph 55 do not refer or relate to this Defendant. To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

56.    The allegations set forth in Paragraph 56 do not refer or relate to this Defendant. To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

57.    The allegations set forth in Paragraph 57 do not refer or relate to this Defendant. To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

**COUNT V**
**FALSE ARREST**
**(District, Dale Vernick and Officer Caddell)**

58.    Defendant incorporates by reference all defenses and allegations previously stated.

59.    The allegations set forth in Paragraph 59 do not refer or relate to this Defendant. To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

60.    The allegations set forth in Paragraph 60 do not refer or relate to this Defendant. To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

9

**COUNT VI**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(District, Officers Vernick and Caddell)**

61.     Defendant incorporates by reference all defenses and allegations previously stated.

62.     The allegations set forth in Paragraph 62 do not refer or relate to this Defendant.  To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

63.     The allegations set forth in Paragraph 63 do not refer or relate to this Defendant.  To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

**COUNT VII**
**NEGLIGENT INFLECTION OF EMOTIONAL DISTRESS**
**(Enterprise, District, Officers Vernick and Caddell)**

64.     Defendant incorporates by reference all defenses and allegations previously stated.

65.     The allegations set forth in Paragraph 65 contain a recitation of law to which no response is required.  To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

66.     The allegations set forth in Paragraph 66 do not refer or relate to this Defendant.  To the extent an answer is required, Defendant denies the same and demands strict proof thereof.

67.     Defendant denies the allegations set forth in Paragraph 67.

### Third Defense

Plaintiffs' damages, were caused as a result of their contributory negligence and/or assumption of the risk.

### Fourth Defense

Plaintiffs damages were caused by an individual(s) over whom this Defendant had no control or right of control.

### Fifth Defense

Plaintiffs claims are barred in whole or in part by the applicable statute of limitations.

WHEREFORE, Defendant prays Plaintiffs' Complaint shall be dismissed.

Respectfully submitted,
LAW OFFICES OF ROBERT G. MCGINLEY, P.C.

_____ /S/ _____
Robert G. McGinley, Esquire, #415242
Suite 200
4601 Forbes Boulevard
Lanham, MD  20706
301/731-4601
Counsel for Defendant,
Enterprise Leasing Company

11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was sent via first class mail, postage prepaid this 1st day of May 2007, to:

Johnnie D. Bond, Jr., Esquire
1424 K Street, N.W.
Suite 660
Washington, D.C.  20005
Counsel for Plaintiffs

George E. Rickman, Esquire
Assistant Attorney General, District of Columbia
General Litigation Section IV
Civil Litigation Division
441 Fourth Street, Sixth Floor North
Washington, D.C.  20001
Counsel for the District of Columbia
and Officer Dale N. Vernick

_____ /S/ _____
Robert G. McGinley

12